UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENTE AYMAT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-04896 |
| COMCAST CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes CLEMENTE AYMAT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMCAST CORPORATION ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 58 year-old natural person residing at 3001 Green Bay Road, Building 66, North Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a media company with its principal place of business located at 1701 JFK Boulevard, Philadelphia, Pennsylvania. Defendant is nationally recognized and provides services to consumers across the country, including those located in the state of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around March 2017, Plaintiff was looking to obtain a particular cable television subscription, and was interested in Defendant's services.

10. Plaintiff attempted to schedule an appointment with Defendant, but none of its agents ever showed up for the scheduled installation.

11. Shortly thereafter, Plaintiff began receiving calls to his cellular phone, (224) XXX-0145 from Defendant.

12. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0145. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to: (800) 266-2278 and (844) 344-1715.

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

15. When Plaintiff answers calls from Defendant, he experiences a noticeable pause, lasting approximately four to five seconds in length, before a live person begins to speak.

16. Upon speaking with Defendant, Plaintiff discovered that it was seeking to solicit him into following through with its services.

17. After no longer being interested in Defendant's services, Plaintiff switched to a different cable company, and demanded that Defendant no longer contact him.

18. Despite Plaintiff's demands, Defendant's phone calls persisted for a handful of months.

19. Defendant also called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

20. For instance, on April 3, 2017, Defendant called Plaintiff's cellular phone not less than three times, with some of the calls being placed within seconds of each other.

21. Plaintiff has received not less than 20 phone calls from Defendant after notifying it to stop calling.

22. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to him.

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause Plaintiff experiences before he is connected with a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands to cease contact.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CLEMENTE AYMAT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

5

35. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Plaintiff notified Defendant that he was no longer interested in its services and to stop calling him. However, Defendant ignored Plaintiff's requests and unfairly continued to systematically contact him at least 20 times thereafter using various phone numbers. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, Defendant's phone calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and complete his subscription.

38. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Plaintiff received not less than 3 phone calls in one day, with calls coming in within minutes of one another. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Plaintiff already informed Defendant to stop calling him.

39. In addition, even after Defendant was informed that Plaintiff was no longer interested in its services and to cease contacting him, it began calling Plaintiff using different phone numbers and area codes, in a deceptive attempt to trick Plaintiff into answering its calls. Defendant employs

6

this misleading tactic to secure a more favorable chance at attaining clients, even if it means placing phone calls to individuals who have already requested that it no longer do so.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 21 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application subscription on his cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant that he was no longer interested in its services and to stop calling, but yet, he was still bombarded with solicitation phone calls. Defendant continued to violate the law by engaging in a phone call campaign against Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CLEMENTE AYMAT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Northern District of Illinois                 Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                     Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                   (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com